UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVA MARIE "EMARIE" POPE,<br><br> Plaintiff,<br>v.<br><br>IBERIA AIRLINES and<br>MASSACHUSETTS PORT AUTHORITY,<br><br> Defendants. | Case No. |

## DEFENDANT IBERIA AIRLINES' NOTICE OF REMOVAL

Defendant IBERIA AIRLINES ("Iberia") hereby removes this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a).

1.     This action was commenced by Plaintiff EVA MARIE "EMARIE" POPE ("Plaintiff") against Iberia, MASSACHUSETTS PORT AUTHORITY ("Massport"), and KONE, INC. in the Superior Court of the Commonwealth of Massachusetts, County of Middlesex by the filing of a Complaint on or about February 9, 2026.  A copy of the Verified Complaint is attached as Exhibit "A."

2.     On March 11, 2026, Plaintiff served Massport with the Summons and Complaint.

3.     On March 27, 2026, Plaintiff voluntarily dismissed her claims against KONE, INC.

4.     On March 31, 2026, Plaintiff and Massport stipulated to extend Massport's time to respond to Plaintiff's Complaint up to and including April 21, 2026. A copy of the Stipulation between Plaintiff and Massport is attached as Exhibit "B."

5.     Iberia filed a Notice of Appearance on April 7, 2026, however, Iberia has not been properly served with the Summons and Complaint, or alternatively any purported service was defective and insufficient under applicable law.

6.     On April 7, 2026, Plaintiff and Iberia stipulated to extend Iberia's time to respond to

Plaintiff's Complaint up to and including April 28, 2026. A copy of the Stipulation between Plaintiff and Iberia is attached as Exhibit "C."

7.    The Complaint alleges an unspecified amount of compensatory damages and other costs, disbursements, and attorney's fees.

8.    Based upon the allegations in the Verified Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S.C. § 1331, and the action may be removed pursuant to 28 U.S.C. § 1441(a).

9.    The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May 18, 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (1999) ("Montreal Convention"), and the rights of the parties to this action are governed by the provisions of said Montreal Convention.

10.    Accordingly, the underlying action may be removed to this Court by defendant Iberia pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a) as the action arises under a treaty of the United States, the Montreal Convention. *See Irabor vs. Lufthansa Airlines,* 427 F.Supp.3d 222, 230-231 (D. Mass. 2019) (when there is a federal question on the face of the complaint, the Federal Court has jurisdiction over the action).

10.    Pursuant to 28 U.S.C § 1446(a), this Notice of Removal is filed in the United States District Court for the District of Massachusetts which is the district and division in which the state court action is pending.

11.    Pursuant to 28 U.S.C. § 1446(b)(2)(C), all properly joined and served defendants, including defendant Massport, by and through its undersigned counsel, hereby consent to the removal of this action.

12.    This Notice of Removal is timely filed with this Court in accordance with 28 U.S.C. § 1441 and § 1446(b) because it is filed within thirty (30) days of defendant Iberia's receipt of the initial pleading or other paper from which removability could first be ascertained, including but not limited to April 7, 2026.

13.    Defendant Iberia will promptly give written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice of Removal with the clerk of the Superior Court of the Commonwealth of Massachusetts, County of Middlesex as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant Iberia prays that the above-entitled action now pending in the Superior Court of the Commonwealth of Massachusetts, County of Middlesex be removed therefrom to this Court.

DATED: April 21, 2026

MCGOWAN & ASSOCIATES

By /s/ Owen P. McGowan
  Owen P. McGowan, BBO #550423
  opm@mcgowanassociateslaw.com
  80 Washington Street, C-20
  Norwell, MA 02061
  T: (718) 281-9977
  *Counsel for Co-Defendant*
  IBERIA AIRLINES

CAMPBELL, CONROY, & O'NEIL, P.C.

By /s/ Cassidy M. Cohan
  Cassidy M. Cohan, BBO #715010
  ccohan@campbell-trial-lawyers.com
  Michelle I. Schaffer. BBO #552383
  mschaffer@campbell-trial-lawyers.com
  20 City Square, Sutie 300
  Boston, MA 02129
  T: (617) 241-3000
  *Counsel for Co-Defendant*
  MASSACHUSETTS PORT
  AUTHORITY

## CERTIFICATE OF SERVICE

I, Owen McGowan, counsel for Defendant Iberia Airlines, hereby certify that on this 21st day of April 2026, I electronically filed the foregoing, *Defendant Iberia Airlines' Notice of Removal*, with the Clerk of the Court using the electronic filing system, CM/ECF system, which will send such notification of such filing to counsel of record. Said document was also sent via U.S. First Class Mail and Electronic Mail to the following parties in the above referenced action or their legal representative:

Bradley M. Henry, Esq.
bhenry@santoroandgray.com
Jessica M. Gray, Esq.
jgray@santoroandgray.com
Santoro & Gray, LLC
131 Dartmouth Street, 3rd
Floor Boston, MA 02116
*Counsel for Plaintiff*
EVA MARIE "EMARIE" POPE

Michelle I. Schaffer, Esq.
mschaffer@campbell-trial-lawyers.com
Cassidy M. Cohan, Esq.
ccohan@campbell-trial-lawyers.com
Campbell, Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
*Counsel for Co-Defendant*
MASSACHUSETTS PORT
AUTHORITY