# EXHIBIT A

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                        SUPERIOR COURT

EVA MARIE "EMARIE" POPE,

Plaintiff,

v.

CIVIL ACTION NO. 26CV0389

IBERIA AIRLINES, MASSACHUSETTS PORT
AUTHORITY, and KONE, INC.,

Defendants.

**RECEIVED**    2/9/26    tc

## COMPLAINT AND DEMAND TRIAL BY JURY

1. Plaintiff Eva Marie "Emarie" Pope ("Plaintiff") resides at 21 Turner Ridge Road, City of Marlborough, County of Middlesex, Commonwealth of Massachusetts.

2. Defendant Iberia Airlines ("Iberia") is foreign corporation, airline and common carrier registered to conduct business in the Commonwealth of Massachusetts. Iberia maintains a local registered address at 155 Federal Street, Suite 700, City of Boston, County of Suffolk, Commonwealth of Massachusetts and its principal place of business is Martinez Villergas 49, City of Madrid, Country of Spain, a signatory country as of June 28, 2004 to the *Convention for the Unification of Certain Rules for International Carriage by Air*, an international treaty commonly known as the "Montreal Convention, 1999" or "MC99."

3. Defendant Massachusetts Port Authority ("MassPort") is a body politic and corporate, an independent public authority and agency that has a usual place of business at One Harborside Drive, Suite 200S, City of East Boston, Commonwealth of Massachusetts.

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

4. Defendant Kone, Inc. ("Kone") is a foreign corporation registered to conduct business in the Commonwealth of Massachusetts and with an office located at One New Boston Drive, City of Canton, Commonwealth of Massachusetts.

## FACTS

5. On March 5, 2024, Plaintiff Eva Marie "Emarie" Pope was engaged in the process of boarding Iberia Airline Flight IB6166 from Boston Logan International Airport ("Logan" to Madrid Barajas Airport enroute to Barcelona, Spain.

6. After presenting her boarding pass to an Iberia Airlines agent at Terminal E, Plaintiff continued to pass through the gateway doors to board her flight.

7. In the boarding process, Plaintiff was required to descend an unmarked but out-of-order escalator, which was not operating or moving in any way, requiring all passengers to descend as if they were normal stairs. There were no parallel or adjacent stairs available for use and no indication of alternative routes by which to board the aircraft. No personnel from any of the Defendants were stationed at or near the escalator. There were no warning signs, caution tape, or other such precautions at or near or about the escalator.

8. Unfortunately, at the bottom of the escalator, one of the steps was neither at full-rise, nor fully flat, but created an irregular and out-of-code step height on the escalator stairs. Plaintiff stumbled and fell to the ground, injuring her hand and suffering what soon proved to be fractured knee. Nearby passengers alerted Iberia personnel about the Incident.

9. At least three (3) employees of Defendant MassPort responded to the Incident, including one or two (1 or 2) emergency medical professionals to assess her.

10. At all relevant times, Defendant Iberia Airlines was a common carrier under the definitions of the laws of Massachusetts and the United States, as Defendant generally offers and

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

furnishes air transportation to any and all members of the public desiring such service. As a common carrier, Defendant is held to the highest possible and practicable affirmative duty to protect its passengers, including Plaintiff, from harm.

11. As an initial matter, under the Montreal Convention, 1999, Defendant Iberia is strictly liable for injuries caused by an accident suffered by its passengers while engaged in the process of boarding, transport and/or disembarking of its aircraft during the course of an international trip.

12. Moreover, Defendant Iberia was negligent and breached its duties of care as an air carrier responsible for managing, using, overseeing, maintaining, and/or warning about conditions on the Premises during aircraft boarding and/or disembarking to ensure passenger safety. Defendant Iberia knew or reasonably should have known about the hazard posed to its passengers from the out-of-service escalator in its gate area but negligently failed to take reasonable steps to address the hazard and/or to warn about it.

13. At all relevant times, Defendant MassPort owned, operated, directed, maintained and/or controlled Boston Logan International Airport ("Boston Logan"), including Terminal E and the subject escalator, and was responsible for overseeing, managing, supervising, communicating with and selecting contractors for any necessary maintenance, repairs and/or warning relating to the use of the subject escalator in the boarding area. Defendant MassPort was also responsible for seeing that air carriers using its premises were fully informed and/or warned about the use of boarding and disembarking routes for passengers.

14. Defendant Massport further owed duties of care to its visitors, tenants, contractors, patrons, and air carrier passengers, including the Plaintiff, to institute, train on and/or enforce sufficient policies, procedures, protocols, warnings and/or other safeguards in place and/or

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

necessary to maximize the safety of such persons while, among other times, boarding and/or disembarking aircraft at Boston Logan.

15. Defendant MassPort knew or reasonably should have known the hazard posed to the passengers of Defendant Iberia and airport's patrons on the Premises' escalator, but negligently failed to take proper care to address and/or warn of this hazard or to see that its tenant, Defendant Iberia did so or to inform or give other notice to its contractor, Defendant Kone, Inc. of the hazardous condition of the escalator.

16. At all relevant times, Defendant Kone, Inc. was the escalator maintenance company contracted with MassPort to specifically monitor, fix, inspect, maintain, warn about and/or otherwise address issues and hazards relating to the subject escalator and to warn other workers, patrons, and travelers about dangers encountered and relating to such escalator issues and the maintenance of same.

17. Defendant Kone owed duties of care to visitors, tenants, contractors, patrons, and air carrier passengers at Boston Logan, including the Plaintiff, to see that the subject escalator was operated and maintained within all applicable codes, reasonably inspected and/or monitored, free of defects and obstacles or other hazards, such as irregular steps on non-operating escalators, and reasonably safe for all to traverse. Such responsibilities included, but were not limited to, the timely inspection, monitoring, identification, response to and repair and maintenance of defects, the availability of personnel for same, and to assign personnel to immediately warn about and address such hazards. Defendant Kone was further negligent in failing to fully, properly and recurrently train, inform and/or see that owners, operators and users of such escalators were specifically aware of what steps to take when an escalator was out-of-service.

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

18. Defendant Kone knew or reasonably should have known that the hazard posed to passengers of Defendant Iberia and MassPort's patrons on the Premises' escalator, but negligently failed to take proper care to respond to, address and/or warn of this hazard.

19. As a direct and proximate result of Defendants' negligence, Plaintiff stumbled and fell to the ground, causing her to suffer severe injury, including fractures to her left knee.

20. Defendants Iberia and MassPort were immediately aware of, and on notice of, the Plaintiff's claims on the date of the Incident. Plaintiff further gave formal Written Notice of her claims to Defendants Iberia and MassPort in letters detailing her claims and damages on or about December 3, 2025. Defendant MassPort's response to such Notice on December 17, 2025, was to inform the Plaintiff that Defendant Kone was primarily responsible for the subject escalator and the subject Incident whereupon Plaintiff likewise provided full Notice to Defendant Kone commencing on or about January 5, 2026.

## COUNT I

*Montreal Convention, 1999 - Strict Liability as to Iberia Airlines*

21. Plaintiff repeats and re-alleges paragraphs 1-20 as is fully set forth herein.

22. Pursuant to Article 17 of the Montreal Convention, 1999, as the air carrier engaged in transporting passengers in the course of international travel, Defendant, Iberia Airlines owed duties to the Plaintiff and is strictly liable for her personal injuries in this Incident resulting from and caused by an accident while embarking its aircraft.

23. Pursuant to Article 17 of the Montreal Convention, 1999, Defendant Iberia is strictly liable for personal injuries to its passengers arising from an inappropriate or unintended happenstance in the operations of the aircraft or airline during the course of embarkation such as was encountered by the Plaintiff.

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

WHEREFORE, Plaintiff Eva Marie "Emarie" Pope, respectfully demands judgment against Defendant, Iberia Airlines in a full, fair and just amount, together with interest, costs and attorneys' fees and such other relief as the Court deems appropriate.

## COUNT II

*Montreal Convention, 1999 – Negligence of Common Carrier as to Iberia Airlines*

24. Plaintiff repeats and re-alleges paragraphs 1-23 as is fully set forth herein.

25. Defendant Iberia Airlines, as a common carrier, owed its travelling public, including Plaintiff, a heightened and non-delegable duty to provide safe means and methods of operating its aircraft and operations in and about the Commonwealth of Massachusetts.

26. Defendant Iberia breached the duties of care it owed to the Plaintiff while a patron boarding its aircraft, when she suffered severe injuries in a fall on an out-of-code, non-operating escalator. Defendant Iberia further breached its duty of care by failing to implement adequate safety and warning measures so that the subject escalator could be operated safely in the Commonwealth of Massachusetts.

27. As a direct and proximate result of the negligence of Defendant Iberia while boarding an international flight, Plaintiff suffered severe personal injuries, great pain and suffering of body and mind, permanent partial disability and incurred significant medical bills.

WHEREFORE, Plaintiff Eva Marie "Emarie" Pope, respectfully demands judgment against Defendant, Iberia Airlines in a full, fair and just amount, together with interest, costs and attorneys' fees and such other relief as the Court deems appropriate.

## COUNT III

*Negligence as to Massachusetts Port Authority*

28. Plaintiff repeats and re-alleges paragraphs 1-27 as is fully set forth herein.

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

29. At the time of the Incident, Defendant Massachusetts Port Authority owned, operated, maintained, directed and/or controlled Boston Logan International Airport, including Terminal E and the escalator in the boarding area in use by Defendant Iberia.

30. Defendant breached its duties of care by failing to inspect, maintain, repair, and/or warn its patrons of the subject escalator to ensure it was reasonably free from any defects, and by failing to institute and/or enforce sufficient policies, procedures, protocols, warnings and other safeguards to provide for the safety of air carrier passengers when embarking and disembarking from the aircraft as described herein.

31. As a direct and proximate result of the negligence of Defendant Massport, Plaintiff suffered severe personal injuries, great pain and suffering of body and mind, permanent partial disability and incurred significant medical bills and lost earning capacity.

WHEREFORE, Plaintiff Eva Marie "Emarie" Pope, respectfully demands judgment against Defendant, Massachusetts Port Authority in a full, fair and just amount, together with interest, costs and attorneys' fees and such other relief as the Court deems appropriate.

## COUNT IV

### *Negligence as to Kone, Inc.*

32. Plaintiff repeats and re-alleges paragraphs 1-31 as is fully set forth herein.

33. At the time of the Incident, Defendant, Kone, Inc., was negligent in its oversight, monitoring, inspection, upkeep, maintenance, assignment and/or supervision of personnel, and/or warnings and training about the escalator and its hazards on the Premises by, among other things, by its failure to see that the escalator was used in accordance with all applicable codes, that the escalator free from and monitored for hazards, defects, and conditions that may render it unsafe, and the failure to adequately warn the airport's and

Date Filed 2/9/2026 10:41 AM
Superior Court - Middlesex
Docket Number

the airlines' employees, visitors, contractors and patrons, including Plaintiff of such hazards and how to address, warn about and resolve them.

34. As a direct and proximate result of the negligence of Defendant Kone, Plaintiff suffered severe personal injuries, great pain and suffering of body and mind, permanent partial disability and incurred significant medical bills and lost earning capacity.

WHEREFORE, Plaintiff Eva Marie "Emarie" Pope, respectfully demands judgment against Defendant, Kone, Inc. in a full, fair and just amount, together with interest, costs and attorneys' fees and such other relief as the Court deems appropriate.

## JURY CLAIM

PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON EACH CLAIM ASSERTED, AND ON EACH DEFENSE SO TRIABLE, AND PLAINTIFF FURTHER REQUESTS THE OPPORTUNITY FOR ATTORNEY-CONDUCTED VOIR DIRE.

Respectfully Submitted,
PLAINTIFF, EVA MARIE "EMARIE" POPE
By Her Attorneys,

*/s/ Bradley M. Henry*
*/s/ Jessica M. Gray*

Bradley M. Henry BBO No. 559501
bhenry@santoroandgray.com
Jessica M. Gray, Esq. BBO No. 697533
jgray@santoroandgray.com
SANTORO & GRAY, LLC
131 Dartmouth Street, 3rd Floor
Boston, MA 02116
(857) 201-2594

Date: February 9, 2026